UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JASON JOHNSON,
KRISHNA SINGH,

                Plaintiffs,

                                                               **Hon. Hugh B. Scott**

                                                               03CV176

                v.

                                                                 **Order**

DOUGLAS WESTERVELT, et al.,

                Defendants.

      Parties have consented to proceed before the undersigned as Magistrate Judge to try this action (Docket No. 18). Presently before the Court is plaintiffs' application (joined by defendants) for extension of the amended Scheduling Order (see Docket Nos. 21, 24) by six months. Plaintiffs note that two of the defendants are overseas in military deployments (plaintiffs' counsel's letter to Chambers, May 13, 2005; see defense counsel's letter to Chambers, May 17, 2005). Plaintiffs identify defendant Timothy Harris as being currently deployed in Iraq and defendant Timothy Paluch as deployed in Afghanistan. (Plaintiffs' counsel's letter.)

      The initial Scheduling Order (Docket No. 17, Apr. 16, 2004) was amended (Docket No. 20, June 24, 2004) and later extended by nine months to allow parties to work out discovery issues (Docket No. 21, September 15, 2004). A further extension delaying the entire case is **denied**.

However, the Court will issue a stay under the Servicemembers Civil Relief Act, 50 U.S.C. App. § 522(b) (as amended in 2003[1]), as to the affected servicemember defendants. This act allows servicemembers to devote their entire energy to the defense needs of this nation and temporarily suspends judicial proceedings that may adversely affect the civil rights of servicemembers during their military service. 50 U.S.C. App. § 502. Under this act, the Court, on its own motion, may move to stay the action against a servicemember for at least 90 days. Id. § 522(b).

This stay is **granted** to defendants Harris and Paluch, who have received notice of this action and are not otherwise in default, cf. id. § 522(a), until 90 days after each defendant is released from military service. These defendants then may apply for an additional stay under 50 U.S.C. App. § 522(d)(1) based upon "continuing material affect of military duty on the servicemember's ability to appear."

As for the remaining defendants, this action shall go forward under the existing Scheduling Order (Docket Nos. 21, 24 (scheduling pretrial conference for August 10, 2005)).

So Ordered.

s/HBS  
Hon. Hugh B. Scott  
United States Magistrate Judge

Dated: Buffalo, New York
      May 18, 2005

---

[1] Pub. L. No. 108-189, § 1, 117 Stat. 2835, 2842.